# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DUANE ANGLETON, et. al.,**            )
                                         )
       **Plaintiffs,**              )
                                         )
**v.**                                   )    Case No. 08-1255-EFM
                                         )
**COFFEYVILLE RESOURCES REFINING,**     )
**& MARKETING, LLC,**                    )
                                         )
       **Defendant.**               )
                                         )

## **MEMORANDUM AND ORDER**

This matter is before the court on plaintiffs' motion to compel (Doc. 65) and defendant's related motion for a protective order (Doc. 71). The two motions concern discovery related to Becht Engineering, a firm which provided a report and consultative services to the refinery.[1] For the reasons set forth below, plaintiffs' motion to compel shall be DENIED WITHOUT PREJUDICE and defendant's motion shall be GRANTED.

## **Background**

This is an action for damages by various individuals with interests in real estate located near the Verdigris River in southern Kansas and northern Oklahoma. Highly summarized, plaintiffs allege that the Verdigris River topped its banks in the Coffeyville,

---

[1] The court finds that oral argument would not be of material assistance to the resolution of either motion.

Kansas, area and flooded defendant's refinery on July 1, 2007. Defendant's employees evacuated the refinery during the flood and left a valve on one of the refinery storage tanks open. The open valve resulted in a spill of approximately 90,000 gallons of crude oil and related pollutants. Flood waters spread the oil and pollutants to plaintiffs' downstream property.

**Plaintiffs' Motion to Compel
and
Defendant's Motion for a Protective Order**

Plaintiffs move to compel the following production requests:

   1. Any and all witness statements, transcripts, or interviews obtained by Becht Engineering, and

   2. a privilege log of documents contained in the Becht "report."

Defendant opposes the motion and moves for a protective order, arguing that Becht is the refinery's non-testifying expert consultant and the documents are protected from disclosure by FRCP 26(b)(4)(B)(expert employed only for trial preparation) and 26(b)(3)(work product). Becht's involvement and the parties' arguments are addressed in greater detail below.

Litigation by various parties commenced almost as soon as the flood waters began to recede. On July 5, 2007, Danny Durham filed a class action lawsuit in the United States District Court of Kansas against the refinery to recover damages related to the flood. The following day, Western Plains Alliance filed a class action lawsuit against the refinery in the District Court of Montgomery County, Kansas. Counsel for the refinery

retained the services of Becht Engineering to investigate and consult on issues related to the oil release and litigation. Becht Engineering conducted an investigation from July 9 through July 14 and submitted a report to counsel on August 29, 2007.

## Rules 26(b)(4)(B) and 26(b)(3)

Defendant argues that the requested materials are protected from discovery by Fed. R. Civ. P. 26(b)(4)(B) and 26(b)(3). Rule 26(b)(4)(B) provides:

> *(B) Expert Employed Only for Trial Preparation.* Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
>
> > (i) as provided in Rule 35(b); or
> >
> > (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Similarly, Rule 26(b)(3)(A) provides:

> (A) Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> > (i) they are otherwise discoverable under Rule 26(b)(1); and
> >
> > (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

The court is satisfied that defendant has established the threshold requirements for protection under both rules. Defendant's general counsel retained Becht Engineering *after* litigation had commenced to assist counsel with the pending class action lawsuits and other anticipated litigation related to the flood and oil release. (Doc. 74-1, Affidavit of Edmund Gross, Defendant's General Counsel). Moreover, the report and related materials have not been disclosed to any third party and only defendant's in-house counsel and outside legal team have reviewed the Becht report. Equally important, defendant represents that Becht employees will not be called as witnesses at trial. Because defendant (1) retained Becht Engineering as an expert to assist it in "anticipation of litigation or for to prepare for trial" and (2) Becht employees are not expected to testify at trial, the protections afforded under Rule 26(b)(4)(B) are applicable. The report and materials created while conducting the investigation are also protected under Rule 26(b)(3)(A) because they were prepared in response to various lawsuits.

Plaintiffs do not challenge defendant's assertion that Becht is a non-testifying expert and gathered information and prepared a report at counsel's request to assist in pending and anticipated litigation. Instead, plaintiffs argue that they seek only factual information reflected in witness statements or interview notes and that the exceptions in Rules 26(b)(3) (substantial need) and 26(b)(4) (exceptional circumstances) justify production. Plaintiffs contend that the "passage of time" satisfies their burden of showing substantial need and/or exceptional circumstances because "the statements/interviews given Becht by defendant's employees in the hours following this

The court is satisfied that defendant has established the threshold requirements for protection under both rules. Defendant's general counsel retained Becht Engineering *after* litigation had commenced to assist counsel with the pending class action lawsuits and other anticipated litigation related to the flood and oil release. (Doc. 74-1, Affidavit of Edmund Gross, Defendant's General Counsel). Moreover, the report and related materials have not been disclosed to any third party and only defendant's in-house counsel and outside legal team have reviewed the Becht report. Equally important, defendant represents that Becht employees will not be called as witnesses at trial. Because defendant (1) retained Becht Engineering as an expert to assist it in "anticipation of litigation or for to prepare for trial" and (2) Becht employees are not expected to testify at trial, the protections afforded under Rule 26(b)(4)(B) are applicable. The report and materials created while conducting the investigation are also protected under Rule 26(b)(3)(A) because they were prepared in response to various lawsuits.

Plaintiffs do not challenge defendant's assertion that Becht is a non-testifying expert and gathered information and prepared a report at counsel's request to assist in pending and anticipated litigation. Instead, plaintiffs argue that they seek only factual information reflected in witness statements or interview notes and that the exceptions in Rules 26(b)(3) (substantial need) and 26(b)(4) (exceptional circumstances) justify production. Plaintiffs contend that the "passage of time" satisfies their burden of showing substantial need and/or exceptional circumstances because "the statements/interviews given Becht by defendant's employees in the hours following this

environmental nightmare can never be replicated." Doc. 78, p. 2.

The court is not persuaded, based on the present record, that plaintiffs have established either "exceptional circumstances" or "substantial need." There is no evidence before the court that plaintiffs have interviewed or deposed *any* witnesses to the refinery spill and no evidence that the witnesses are unable to provide relevant testimony concerning the events surrounding the spill. Rather, plaintiffs argue that statements or interviews given shortly after the spill "can never be replicated."[2] This conclusory assertion is not sufficient.[3]

The court simply cannot tell from the current record whether plaintiffs are able to

---

[2] Plaintiffs' assertion that the Becht witness statements and interviews were taken "in the hours following this environmental nightmare" is inaccurate. The spill occurred on July 1 and Becht commenced its investigation on July 9.

[3] Whether "exceptional circumstances" or "substantial need" have been established must be determined on a case-by-case basis and time can be an important factor. However, the passage of time does not automatically justify the production of work product material. To hold otherwise would encourage a party to defer investigating the circumstances surrounding the events giving rise to the lawsuit in order to secure an opposing party's work product. The work product doctrine prohibits such tactics.

The court does not imply or suggest that plaintiffs' counsel has engaged in any inappropriate conduct or discovery tactics. Plaintiffs have simply not carried their burden of persuasion concerning exceptional circumstances or substantial need.

gather similar information from the witnesses.[4]  Accordingly, plaintiffs' motion to compel shall be DENIED WITHOUT PREJUDICE.  Plaintiffs are granted leave to renew their motion to compel following the deposition of witnesses and may supplement their arguments concerning "exceptional circumstances" or "substantial need."

**IT IS THEREFORE ORDERED** that plaintiffs' motion to compel **(Doc. 65)** is **DENIED WITHOUT PREJUDICE** and defendant's motion for a protective order excusing it from producing the requested materials **(Doc. 71)** is **GRANTED.**

Dated at Wichita, Kansas this 10th day of June 2010.

                               S/ Karen M. Humphreys
                               KAREN M. HUMPHREYS
                               United States Magistrate Judge

---

[4] As the parties are aware, a similar discovery issue arose in Coffeyville Resources Refining & Marketing, LLC v. Liberty Surplus Insurance Corp., Case No. 08-1204-WEB-KMH, District of Kansas.  Case No. 08-1204 is an action by the refinery to recover insurance benefits.  The court denied without prejudice a defendant insurance company's request for the same work product materials and granted leave to renew the motion after depositions of witnesses were taken.  Memorandum and Order, Doc. 221, filed March 24, 2009, Case No. 08-1204.  No renewed motion to compel has been filed in Case No. 08-1204.